PER CURIAM.
Petitioner Jerry Vang’s request for a certificate of appealability (COA) following the district court’s[1] dismissal of his 28 U.S.C. § 2254 petition is denied.
When 14 years old, Yang shot two people, killing one of them. The State of Minnesota filed a delinquency petition, charging Vang with first-degree murder during a drive-by shooting, second-degree murder during a drive-by shooting, and attempted first-degree murder during a drive-by shooting. The State sought certification to prosecute Vang as an adult, however the juvenile court accepted Vang’s guilty plea to the first-degree and attempted first-degree murder charges without ruling on the adult-certification request. The juvenile court convicted him of the adult convictions and sentenced him to adult sentences of life in prison for the murder and a concurrent 200 month sentence for the attempted murder.
Several years later, Vang sought post-conviction relief. The Minnesota Supreme Court granted postconviction relief, holding Vang’s adult conviction and sentence were void because the juvenile court lacked the jurisdiction to enter the conviction and sentence. The Minnesota Supreme Court remanded the case to a district court—not the juvenile, court—to retry Vang. On remand, Vang chose—on the advice of his trial counsel—to reject a plea offer and instead to go to trial and assert a claim of self defense. A jury found Vang guilty of first- and second-degree murder Committed during a drive-by shooting and of attempted first-degree murder committed during a drive by shooting. The district court imposed a life sentence with the possibility of release for the first-degree murder conviction and a consecutive 90-month sentence for the attempted first-degree murder conviction.
While Vang’s direct appeal from the conviction and sentence was pending, Vang filed a state postconviction petition, asserting that his counsel was ineffective for advising him to reject a plea offer and to proceed to trial on a claim of self defense. This petition was denied while the direct appeal was pending. The Minnesota Supreme Court consolidated the appeal of denial of the postconviction petition with Vang’s direct appeal. In the consolidated appeal, Vang asserted, as relevant, that his ineffective-assistance claims were improperly dismissed, that the trial court lacked jurisdiction under Minnesota law because the juvenile court had exclusive jurisdiction, and that his sentence violated Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012). The Minnesota Supreme Court affirmed Vang’s conviction and sentence as well as the denial of his postconviction petition. As to Vang’s ineffective-assistance claim, the Minnesota Supreme Court found that counsel’s advice to reject a plea offer and proceed to trial on a claim of self defense was not objectively unreasonable, as Vang offered evidence at trial that could have supported the claim,
Vang filed a counseled.section 2254 petition, asserting the ineffective-assistance claim, the jurisdiction claim, and the Miller claim. The district court denied relief and dismissed Vang’s petition. Vang now seeks a certificate of appealability to challenge the district court’s dismissal of his section 2254 petition.
*598 As the dissent agrees that a certificate of appealability should be denied as to Vang’s jurisdictional and Miller claims, we will not discuss those claims further. We write only - to explain why the Court is denying a certificate of appealability as to Vang’s ineffective-assistance claim.
Before we can grant a certificate of ap-pealability, the habeas petitioner “must demonstrate that reasonable jurists would find the district court’s assessment of the constitutional claims debatable or wrong.” Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). When making its “assessment” of the merits of Vang’s constitutional claim, the district court had to decide whether the Minnesota Supreme Court’s decision that Vang’s counsel was not-ineffective “was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d)(1)-(2). In other words, the district court had to determine not whether Vang’s counsel provided effective assistance but “whether the state court’s application of the Strickland standard was unreasonable.” See Harrington v. Richter, 562 U.S. 86, 101, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011); see also Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (“Judicial scrutiny of counsel’s performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel’s assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel’s defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.”). “This is different from asking whether defense counsel’s performance fell below Strickland’s standard.” Harrington, 562 U.S. at 101, 131 S.Ct. 770. Instead, the district court was tasked with determining “whether there is any reasonable argument that counsel satisfied Strickland’s deferential standard.” Id. at 105, 131 S.Ct. 770. This is the “doubly deferential” standard referred to by the district court.
In reviewing the trial court evidence, the district court thoroughly reviewed the Minnesota Supreme Court decision which concluded Vang’s counsel did not provide objectively unreasonable assistance. The district court noted several conclusions reached by the Minnesota Supreme Court including (1) Vang’s prior counsel had advised that Vang did not have a viable self defense claim and thus he was aware of the conflicting advice from counsel, (2) the state district court determined there was sufficient evidence of self defense to instruct the jury of the defense, and (3) the advice to reject the plea and present the defense was not based on erroneous legal conclusion but instead an ultimately unsuccessful strategic decision. Thus, the district court determined the Minnesota Supreme Court decision was not based on an unreasonable application of the Strickland standard.
The district court’s assessment is not “debatable or wrong.” Instead, it provided the proper deference entitled to counsel under Strickland and to the Minnesota Supreme Court under section 2254. To grant a certificate of appealability in this situation would require this Court to ignore the highly deferential standards that must be given to the trial counsel, the Minnesota Supreme Court, and the district court.
The certificate of appealability is denied.

. The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jeffrey J. Keyes, United States Magistrate Judge for the District of Minnesota.